**Carole WATSON, Plaintiff-Appellant,**

v.

**NATIONWIDE INSURANCE CO.,
Defendant-Appellee.**

No. 86–2632.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1987.

Decided July 29, 1987.

Richard Marlowe, San Francisco, Cal., for plaintiff-appellant.

Camille Hamilton, San Francisco, Cal., for defendant-appellee.

Before CHOY, TANG and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Carole Watson, a white woman, appeals from a grant of summary judgment in favor of Nationwide in her Title VII action alleging differential treatment because of her marriage to a black man. She argues that the district court erred in holding that, as a matter of law, she produced insufficient evidence of constructive discharge. We have jurisdiction under 28 U.S.C. § 1291 (1982) and review the grant of summary judgment de novo. *Yartzoff v. Thomas,* 809 F.2d 1371, 1373 (9th Cir.1987). We reverse and remand.

■ A constructive discharge occurs when, looking at the totality of circumstances, "a reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions." *Satterwhite v. Smith,* 744 F.2d 1380, 1381 (9th Cir.1984); *Nolan v. Cleland,* 686 F.2d 806, 812 (9th Cir.1982). This test establishes an objective standard; the plaintiff need not show that the employer subjectively intended to force the employee to resign. *See Satterwhite,* 744 F.2d at 1383; *Nolan,* 686 F.2d at 814 n. 17. "As a result, the answer turns on the facts of each case." *Satterwhite,* 744 F.2d at 1382.

■ The determination whether conditions were so intolerable and discriminatory as to justify a reasonable employee's decision to resign is normally a factual question left to the trier of fact. *See Lojek v. Thomas,* 716 F.2d 675, 677, 680 (9th Cir.1983). However, we have noted that, in general, a "single isolated instance" of employment discrimination is insufficient as a matter of law to support a finding of constructive discharge. *Nolan,* 686 F.2d at 813; *see Satterwhite,* 744 F.2d at 1381–82;

*Heagney v. University of Wash.,* 642 F.2d 1157, 1166 (9th Cir.1981). This lower limit is predicated on the notion that Title VII policies are best served when the parties, if possible, attack discrimination within the context of their existing employment relationships. *Thorne v. City of El Segundo,* 802 F.2d 1131, 1134 (9th Cir.1986); *Heagney,* 642 F.2d at 1166.

Hence, a plaintiff alleging a constructive discharge must show some " 'aggravating factors,' *such as* a 'continuous pattern of discriminatory treatment.' " *Satterwhite,* 744 F.2d at 1382 (emphasis added) (quoting *Clark v. Marsh,* 665 F.2d 1168, 1174 (D.C. Cir.1981)). We have upheld factual findings of constructive discharge when the plaintiff was subjected to incidents of differential treatment over a period of months or years. *See Wakefield v. NLRB,* 779 F.2d 1437, 1439 (9th Cir.1986); *Satterwhite,* 744 F.2d at 1383; *see also Goss v. Exxon Office Sys. Co.,* 747 F.2d 885, 887–89 (3d Cir.1984); *Real v. Continental Group, Inc.,* 627 F.Supp. 434, 443–44 (N.D. Cal.1986). Similarly, in *Nolan,* we held that a showing of four incidents of differential treatment over a period of two years was sufficient to create a genuine issue of fact for trial. *Nolan,* 686 F.2d at 813–14.

■ In this case, we assume, as did the district court, that Nationwide subjected Watson to differential treatment (1) by issuing notice of a potential relative rule violation to Watson in mid-June 1984 but not to other similarly situated employees, (2) by conspiring to create trumped up charges of inadequate job performance while she was on her honeymoon in early July 1984, and (3) by subjecting her to abusive treatment and harassment for several days upon her return to work in mid-July 1984. In particular, we note the evidence in the record, *inter alia,* that Watson had previously always received excellent employment ratings, including one on the day she departed for her wedding and honeymoon; that on her return a company manager told Watson in a four-hour meeting in which she cried constantly that she was a poor and incompetent supervisor; that a manager transferred supervisory

duties away from her and told her to go home; and that a personnel manager told her that she was considered a bitch and that she could either resign or be demoted to a position in which she would be supervised by her subordinate trainees.

We believe that these facts, though covering a shorter period than that in *Nolan,* could constitute the necessary aggravating factors such that a trier of fact could (but not necessarily would) conclude that a reasonable person would find the conditions so intolerable and discriminatory as to justify resigning. *See Ford v. Alfaro,* 785 F.2d 835, 841–42 (9th Cir.1986) (holding in a Fair Labor Standards Act case that a constructive discharge occurred when an employee was physically threatened on one occasion, harassed over the next two weeks, and not given sufficient work instructions to perform his job); *Bailey v. Binyon,* 583 F.Supp. 923, 924–25, 928–34 (N.D.Ill.1984) (denying defendant's motion to dismiss when the plaintiff quit within hours of beginning his job, after his employer subjected him to three racial insults, did not ask plaintiff to quit, and said "You'd stay if you weren't a sissy. If you were a man, you'd stay."); *Robson v. Eva's Super Market, Inc.,* 538 F.Supp. 857, 859–60, 862 (N.D.Ohio 1982) (denying summary judgment to defendant, when the evidence showed frequent incidents of sexual harassment over a two-month period, despite the fact that the company's president called the plaintiff to ask her to return to work); *see also Goss,* 747 F.2d at 888–89 (upholding finding of constructive discharge when plaintiff was subjected to four incidents of harassment over a nine-month period, including (1) a meeting in which plaintiff cried because of her superior's extensive questions about her intention to have a career and a family and (2) a choice between a job transfer and resignation); *cf. Wagner v. Sanders Assocs., Inc.,* 638 F.Supp. 742, 745 (C.D.Cal.1986) (granting summary judgment to defendant when plaintiff produced evidence that showed only that he was transferred to a new position with less responsibility, that he stated that his working conditions were satisfactory, and that he resigned in order to take a job with another employer). The facts of this case, if assumed to be true, constitute a far harsher situation than the "single isolated instance" of discrimination deemed insufficient as a matter of law in *Nolan.*

Although we note that Nationwide has presented evidence that might ultimately rebut Watson's underlying allegations of differential treatment, we express no view on the merits of those claims. We hold only that, assuming the truth of the allegations of differential treatment, the particular facts of this case are sufficient to survive a motion for summary judgment on the constructive discharge issue. Accordingly, we reverse and remand to the district court for further proceedings.

REVERSED AND REMANDED.