9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Laurel BURCHELL, Plaintiff-Appellant,
v.
UNITED STATES of America, Secretary of the Army, Defendant-Appellee.
 No. 91-56364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Laurel Burchell appeals pro se from the district court's judgment, following a bench trial, in favor of the Secretary of the Army in her employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.[1] Burchell contends the district court erred by: 1) finding that she had failed to demonstrate that sexual harassment or discrimination resulted in her forced resignation and (2) denying Burchell's motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Title VII
 
 
 4
 We review for clear error the district court's factual determinations underlying a Title VII claim. Intlekofer v. Turnage, 973 F.2d 773, 777 (9th Cir.1992). " 'Credibility determinations are insulated from appellate review.' " Jordan v. Clark, 847 F.2d 1368, 1375 (9th Cir.1988) (quoting Johnson v. United States Postal Serv., 756 F.2d 1461, 1464 (9th Cir.1985), cert. denied, 488 U.S. 1006 (1989)).
 
 
 5
 The plaintiff in a Title VII action bears the initial burden of establishing a prima facie case of sexual discrimination. Jordan, 847 F.2d at 1373. In order to show a hostile or abusive work environment based on gender, the plaintiff must demonstrate that: "(1) that he or she was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and created an abusive work environment." Ellison v. Brady, 924 F.2d 872, 875-76 (9th Cir.1991).
 
 
 6
 To succeed on a retaliation claim, the plaintiff must demonstrate " 'that she engaged in a protected activity, that she was thereafter subjected by her employer to adverse employment action, and that a causal link exists between the two.' " Jordan, 847 F.2d at 1376 (quoting Cohen v. Fred Meyer, Inc., 686 F.2d 793, 797 (9th Cir.1982)).
 
 
 7
 "A constructive discharge occurs when, looking at the totality of circumstances, 'a reasonable person in [the employee's] position would have felt that [s]he was forced to quit because of intolerable and discriminatory working conditions.' " Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir.1987) (quoting Satterwhite v. Smith, 744 F.2d 1380, 1381 (9th Cir.1984)). "A plaintiff alleging constructive discharge must show some 'aggravating factors,' such as a 'continuous pattern of discriminatory treatment.' " Id. (quotations omitted).
 
 
 8
 Here, Burchell testified that she was subjected to sexual harassment and discrimination for several reasons. First, she testified that she was discriminated against because she was not assigned all of the duties listed in her job description. Second, she testified that she was harassed when one of her co-workers called her a "stupid [expletive deleted]," and another co-worker threatened to strike her. She also testified that the same co-worker who threatened to strike her had previously told her, "if you go out with me, you don't have to worry about getting pregnant." Burchell further testified that following her complaints of sexual harassment, she was retaliated against by her supervisors. Finally, she testified that she was forced to resign, resulting in a constructive discharge.
 
 
 9
 Several of Burchell's former co-workers testified that during her first year of employment she was pleasant and did the work assigned to her without incident. However, following that year, she began to be rude and insubordinate. She refused to do some of the work assigned to her and openly antagonized her co-workers until they began to ask for her removal. One of Burchell's former supervisors testified that on at least one occasion, a proposal to have Burchell removed was prepared but was later abandoned. He testified that Burchell only received a written reprimand, which was subsequently removed from her personnel file. Both Burchell and her former supervisor testified that she had contemplated resigning on several occasions before she received the written reprimand, but had decided against it.
 
 
 10
 The district court's explicit finding that the testimony of Burchell's co-workers regarding her behavior and the complaints to have her removed were more credible than her testimony is not reviewable. See Jordan, 847 F.2d at 1376. Moreover, Burchell has failed to show a "continuous pattern of discriminatory treatment" which was intended to force her to resign. See Ellison, 924 F.2d at 875-76; see also Satterwhite, 744 F.2d at 1381. Accordingly, the district court's findings of fact were not clearly erroneous. Intlekofer, 973 F.2d at 777.
 
 II
 Appointment of Counsel
 
 11
 We review for abuse of discretion the district court's denial of appointment of counsel. Johnson v. Department of Treasury, 939 F.2d 820, 824 (9th Cir.1991).
 
 
 12
 The district court may appoint counsel for a Title VII plaintiff in such circumstances as the court deems just. 42 U.S.C. § 2000e-5(f)(1). The following three factors are relevant in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (1982).
 
 
 13
 Here, while Burchell appears to have made some effort to secure counsel at the settlement phase of the case, and has shown that she lacks the financial resources to do so, she has not made a sufficient showing as to the merits of her claims. See id. Burchell has failed to state a claim upon which relief can be granted. The district court found that Burchell's claims did not merit appointment of counsel. See id.
 
 
 14
 Our review of the record reveals that the district court did not abuse its discretion in denying Burchell's motion for appointment of counsel. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to stipulation of the parties, this case was tried before a magistrate judge