57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nancy KALAGIAN, Plaintiff-Appellant,
v.
Dr. Vicky CARWEIN; University of Nevada, Defendants-Appellees.
 No. 93-17071.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1995.
Decided May 26, 1995.
 
 Before: GOODWIN, POOLE, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nancy Kalagian sued Dr. Vicky Carwein and the University of Nevada for denial of due process of law in violation of 42 U.S.C. Sec. 1983, and for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 626 et. seq., and 42 U.S.C. Sec. 1983. Kalagian now appeals the grant of summary judgment in favor of defendants. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the grant of summary judgment de novo, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994), and we affirm.
 
 
 3
 Kalagian failed to present a genuine issue of material fact as to her alleged denial of due process upon termination. Kalagian argues that her August 3 meeting with Carwein, in which Carwein expressed her intent to reassign some of Kalagian's duties, and Carwein's August 6 follow-up memo, along with unidentified rumors that Carwein was not happy with older people or with getting older, created intolerable and discriminatory working conditions that constituted a constructive discharge. Taking Kalagian's assertions as true, summary judgment is correct as a matter of law. In general, a single isolated instance of employment discrimination is insufficient as a matter of law to support a finding of constructive discharge. Watson v. Nationwide Insurance Company, 823 F.2d 360, 361 (9th Cir. 1987).[1] Moreover, Carwein's action was not "'clearly arbitrary and unreasonable, having no relation to the public health, safety, morals or general welfare." Lebbos v. Judges of Superior Court, Santa Clara County, 883 F.2d 810, 818 (9th Cir. 1989) (quoting Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926)).
 
 
 4
 Kalagian does not specify the theory upon which she bases her claims of age discrimination, but her allegations fall under the categories of disparate treatment and hostile work environment. See Sischo-Nownejad v. Merced Community College District, 934 F.2d 1104, 1109 (9th Cir. 1991).
 
 
 5
 To make out a prima facie case of age discrimination under a disparate treatment theory, Kalagian must show that she (1) was a member of the protected class of 40 to 70 year olds; (2) was performing her job in a satisfactory manner; (3) was discharged; and (4) was replaced by a substantially younger employee of equal or inferior qualifications. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990). Kalagian satisfies the first two requirements. She has not presented sufficient evidence of the third element, constructive discharge, to survive a motion for summary judgment. Even if Kalagian could satisfy the third requirement, she cannot satisfy the fourth. Kalagian, 50, was succeeded by two 44 year olds who were themselves members of the protected class. The fact that a significantly younger employee, aged 22, did not assume some of Kalagian's responsibilities until March 1991, seven months after Kalagian's claimed discharge, substantially weakens Kalagian's case. Id. at 1422.
 
 
 6
 Kalagian has not presented a genuine issue of material fact as to the existence of a hostile work environment. The conduct Kalagian ascribes to Carwein from August 1 through August 6, a period that spans four work days, is not severe or outrageous enough to survive a motion for summary judgment. See Sischo-Nownejad, 934 F.2d at 1109. A reasonable person, viewing the totality of the circumstances, would not find that the frequency of the alleged discriminatory conduct, its severity, or its physically threatening or humiliating nature, would unreasonably interfere with the Kalagian's work performance. Harris v. Forklift Systems, 114 S. Ct. 367, 371 (1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Kalagian also alleges that she was constructively demoted, relying on the Third Circuit case of Clark v. Falls, 890 F.2d 611 (3d Cir. 1989). Assuming without deciding that demotion may amount to constructive discharge, Kalagian did not submit evidence from which a jury could conclude that she was demoted. Nor does she establish that she was in some sense constructively demoted