108 F.3d 1386
 9 NDLR P 224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William RUPERT, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF the NAVY; United States Naval
Hospital Long Beach; Mary T. Hall; Nancy Lee
Allen; Michael Emerson; George D.
Turk, Defendants-Appellees.
 No. 96-55284.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Rupert appeals pro se the district court's summary judgment in favor of defendants in his employment discrimination claim under the Rehabilitation Act, 29 U.S.C. § 791, alleging that he was discriminated against and constructively discharged when he resigned from civilian employment as an ambulance driver for the Navy after suffering a back injury. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Rupert contends that the district court erred by granting summary judgment for defendants because the Navy did not reasonably accommodate Rupert's injuries. This contention lacks merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, ... be subjected to discrimination ... by any Executive agency." 29 U.S.C. § 794(a). A federal agency must reasonably accommodate "the known physical or mental limitations of an ... employee who is a qualified individual with [disabilities] unless the agency can demonstrate that the accommodation would impose an undue hardship on the operations of its program." 29 C.F.R. § 1614.203(c)(1); See Buckingham v. United States, 998 F.2d 735, 739 (9th Cir.1993). A "qualified disabled" individual is one who, with or without reasonable accommodation, can perform the essential functions of his or her job. 29 C.F.R. § 1614.203(a)(6); Buckingham, 998 F.2d at 740.
 
 
 6
 Here, according to the job description submitted by defendants, an ambulance driver must be able to lift patients weighing in excess of 200 pounds in and out of the ambulance on a stretcher. According to Rupert's foreman, all ambulance drivers on all shifts are responsible for lifting patients. After his injury, Rupert's physician recommended that he restrict his lifting to under 40 pounds and not lift from the floor. Because Rupert's injury prevented him from performing one of the essential functions of his job, he was not a "qualified disabled" individual. See Buckingham, 998 F.2d at 740.
 
 
 7
 Nonetheless, in order to accommodate Rupert's limitations, the Navy offered him a position as a telephone dispatcher at the same grade and pay level. Although Rupert argues that this was an unreasonable accommodation because he should have been assigned to another driver position that did not require lifting, Rupert's deposition testimony reflects that he never requested such a transfer, flatly rejected the position offered to him, and resigned.
 
 
 8
 Accordingly, even if Rupert could establish that he was a "qualified disabled" individual, the district court did not err by granting summary judgment for defendants because the Navy's accommodation of Rupert's disability was reasonable. See Bagdadi, 84 F.3d at 1197; Buckingham, 998 F.2d at 739-40.
 
 
 9
 Rupert's additional contentions lack merit. First, the district court did not abuse its discretion by denying Rupert's motion for appointment of counsel because Rupert's claim lacked merit. See Johnson v. United States Treasury Dep't, 27 F.3d 415, 416-17 (9th Cir.1994). Second, the district court did not err by dismissing Rupert's state law claims or by dismissing all named defendants and substituting the Secretary of the Navy. See Johnston v. Horne, 875 F.2d 1415, 1418 & 1421 (9th Cir.1989) (holding that, in claims of disability discrimination in federal employment, the Rehabilitation Act is the exclusive remedy and the head of the employing agency is the proper defendant). Last, we reject Rupert's constructive discharge claim because he has not shown a "continuous pattern of discriminatory treatment." See Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir.1987) (internal quotations omitted).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3