127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leanna Lee HAWKINS, Plaintiff-Appellee,
v.
MERCHANTS NATIONAL BANK, a California Corporation,
Defendant-Appellant.
 No. 96-15943.
 United States Court of Appeals, Ninth Circuit.
 Oct. 8, 1997.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding
 Before: BROWNING, CHOY and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Merchants National Bank ("Merchants") appeals from a judgment entered following a jury verdict in favor of Leanna Lee Hawkins. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 DISCUSSION
 A. Motion for Judgment as a Matter of Law
 
 3
 Merchants argues that the district court erred in not granting judgment in its favor as a matter of law because there was not substantial evidence to support (1) Hawkins's claim that she was constructively discharged due to sex discrimination under Title VII and age discrimination under the California Fair Employment and Housing Act ("FEHA") and (2) the jury's award of punitive damages.
 
 
 4
 A motion for judgment as a matter of law must be denied if there is substantial evidence to support the verdict. Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Id.
 
 1. Constructive Discharge under Title VII
 
 5
 Under Title VII, an employee is constructively discharged when, "looking at the totality of the circumstances, a reasonable person in [the employee's] position would have felt that [she] was forced to quit because of intolerable and discriminatory working conditions." Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir.1987) (citations and internal quotation omitted).
 
 
 6
 Hawkins presented substantial evidence of a pattern of discrimination. First, she presented evidence that she was denied benefits offered to the male officers. Second, in a one-month period, three younger males were promoted, leaving only two male employees who were not officers. Third, Hawkins presented substantial evidence that she no longer had authority over her staff; the duties and the schedule of her staff were restructured without her input or over her objections. Fourth, Hawkins was excluded from the management team. With the creation of the Chief Financial Officer position, she reported to someone who had been her equal and who had little experience in operations. Further, Hawkins had minimal input, if any, into the strategic plan.
 
 
 7
 Merchants argues that Hawkins's evidence is insufficient as a matter of law, relying on Schnidrig v. Columbia Machine, Inc., 80 F.3d 1406, 1411 (9th. Cir.1996), cert. denied sub nom. Columbia Machine, Inc. v. Schnidrig, 117 S.Ct. 295 (1996). We disagree. Hawkins presented more evidence of intolerable working conditions than the plaintiff in Schnidrig. She was not simply excluded from a meeting. She was excluded from the entire strategic planning process, and her authority was undermined. She was also denied benefits offered to male officers.
 
 
 8
 Substantial evidence supports the jury's verdict of constructive discharge under Title VII. The district court did not err in denying Merchants' motion for judgment as a matter of law.
 
 2. Constructive Discharge under FEHA
 
 9
 To show constructive discharge under FEHA, there is an additional requirement that the employer have actual, rather than merely constructive, knowledge of the intolerable working conditions. Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1249, 876 P.2d 1022, 1029, 32 Cal.Rptr.2d 223, 229 (1994). An employer has actual knowledge when its officers knowingly permit working conditions to remain intolerable. Id. at 1251, 876 P.2d at 1029 32 Cal.Rptr.2d at 230. Hawkins presented evidence that she discussed her concerns with both the President and the Executive Vice President at a number of different meetings. She presented sufficient evidence to show that Merchants had actual knowledge of the intolerable conditions.
 
 3. Punitive Damages
 
 10
 To be entitled to punitive damages under FEHA,[1] a plaintiff must "prove[ ] by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294(a) (West Supp.1997); Tomaselli v. Transamerica Ins. Co, 25 Cal.App. 4th 1269, 1287, 31 Cal Rptr.2d 433, 444 (1994).
 
 
 11
 While Hawkins presented substantial evidence of discrimination, she failed to present clear and convincing evidence of oppression or malice. The district court commented that had it been the trier of fact, it would not have found Merchants liable. The evidence was not "clear and convincing." It was weak. Not weak enough to preclude a jury from awarding compensatory damages, but insufficient to support a finding of oppresson or malice by clear and convincing evidence to support an award of punitive damages.
 
 B. Motion for a New Trial
 
 12
 We review the denial of a motion for a new trial for abuse of discretion. Browning-Ferris Indus. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989). When, as here, the basis for the motion is the insufficiency of the evidence, the motion will be granted "only if the verdict is against the great weight of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." Equal Employment Opportunity Comm'n v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.1997) (citation and internal quotations omitted). Although the district court disagreed with the jury verdict, the court did not find it contrary to the clear weight of the evidence. See Venegas v. Wagner, 831 F.2d 1514 (9th Cir.1987). We agree. The district court did not abuse its discretion when it denied Merchants's motion for a new trial.
 
 C. Juror Misconduct
 
 13
 Merchants argues that the district court erred by not granting a new trial when, after the trial was over, it learned about an unreported conversation between a juror and Hawkins's counsel. We review this decision by the district court for abuse of discretion. United States V. Olano, 62 F.3d 1180, 1192 (9th Cir.1995), cert. denied sub nom. Olano v. United States, 117 S.Ct. 303 (1996).
 
 
 14
 The district court did not abuse its discretion when it resolved the dispute about the substance of the conversation and decided that the brief conversation was not prejudicial. See Rinker v. County of Napa, 724 F.2d 1352, 1354 (9th Cir.1983).
 
 D. Discovery Sanctions
 
 15
 The district court did not abuse its discretion in upholding the magistrate judge's decision to exclude evidence Merchants sought to introduce. Even if Merchants produced the documents it claimed to have produced, it failed to produce documents critical to Hawkins's defense and did not produce documents required under other sets of document requests.
 
 E. Jury Instructions
 
 16
 Merchants argues that the district court erred in not including a jury instruction about stray remarks. We disagree.
 
 
 17
 Merchants's proposed instruction is a correct statement of the law. Merrick v. Farmers Ins Co., 892 F.2d 1434, 1438 (9th Cir.1990). The instruction, however, could have misled the jury because it did not explain what a stray remark is. Moreover, remarks can be evidence of discrimination, especially when, as here, other evidence of discrimination was introduced. Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989). The district court did not abuse its discretion when it rejected Merchants's proposed jury instruction.
 
 CONCLUSION
 
 18
 We affirm the judgment in favor of Hawkins for compensatory damages for constructive discharge under Title VII and FEHA. We reverse and vacate the judgment awarding punitive damages.
 
 
 19
 Each party shall bear their own costs on appeal.
 
 
 20
 AFFIRMED in part and REVERSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hawkins also sued for punitive damages under Title VII. 42 U.S.C. § 1981a. However, Section 1981a sets a cap upon the sum of the compensatory and punitive damages. Luciano v. Olsten Corp., 110 F.3d 210, 221 (2d Cir.1997). Because the compensatory damages awarded are more than the cap, Hawkins is not entitled to punitive damages under this Section