Don ATWOOD, Plaintiff—Appellant,

v.

CONSOLIDATED ELECTRICAL
DISTRIBUTORS, INC.,
Defendant—Appellee.

No. 05–16115.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006 *.

Filed May 15, 2007.

Suellen Fulstone, Esq., Littler Mendleson, Reno, NV, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE and BYBEE, Circuit Judges, and PREGERSON **, District Judge.

## MEMORANDUM ***

Atwood argues that the district court erred by entering summary judgment with respect to his claims arising under the Americans With Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and with respect to his claim of constructive discharge. We review de novo the district court's summary judgment. *Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000).

To defeat summary judgment on a discrimination claim under the ADA, a plaintiff must present sufficient evidence from which the trier of fact could rationally conclude: (1) that he was a disabled person within the meaning of the ADA; (2) that he was qualified with or without reasonable accommodation to perform the essential functions of the job; *and* (3) that the defendant terminated him because of his disability. *See Broussard v. Univ. of Cal., at Berkeley,* 192 F.3d 1252, 1255 (9th Cir.1999) (emphasis added); *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir.1996).

■ Here, assuming *arguendo* that Atwood establishes a prima facie case of disability discrimination, Consolidated is nevertheless entitled to summary judgment because it has proffered legitimate, non-discriminatory reasons for removing Atwood from his position as plant manager, and Atwood fails to provide any evidence that the reasons offered by Consolidated are a pretext for actual discrimination on the basis of disability or otherwise.

■ Atwood next contends that the district court erred in granting summary judgment on his ADEA claim, arguing that genuine issues of material fact existed as to the reason Consolidated removed him as manager, and as to whether he would have a new job if he stayed.

The ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual [who is at least 40 years old] ... because of such individual's age." 29 U.S.C. § 623(a)(1); *Pottenger v. Potlatch Corp.,* 329 F.3d 740, 745 (9th Cir. 2003). As with the ADA, the ADEA plaintiff must show that his or her age "actually played a role in [the employer's decision making] process and had a determinative influence on the outcome." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)).

The issue is whether Atwood can prove that Consolidated's proffered nondiscriminatory reasons are a pretext for intentional age discrimination. *Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1127 (9th Cir.2000). An ADEA plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence; or (2) directly, by showing that unlawful discrimination more likely motivated the employer. *Id.* (citing *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220–22 (9th Cir. 1998)(as amended)).

As to pretext, the Court is only able to look to Atwood's assertions that he was

---

** The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not to blame for the reduced profitability, profit-sharing, and inventory shortages plaguing the Sparks plant during his tenure as plant manager. On the evidence presented, this Court finds that Atwood has not created a genuine issue of material fact as to whether Consolidated's proffered nondiscriminatory reasons for removing him are "unworthy of credence" or were motivated by age-based animus.

■ Atwood also challenges the district court's summary judgment dismissing his claim of constructive discharge. A "constructive discharge occurs when the working conditions deteriorate, *as a result of discrimination,* to the point that they become sufficiently extraordinary and egregious." *Brooks v. City of San Mateo,* 229 F.3d 917, 930 (9th Cir.2000) (citations omitted) (emphasis added). To survive summary judgment, "a plaintiff must show there are triable issues of fact as to whether a reasonable person in his position would have felt that he was forced to quit *because of* intolerable and discriminatory working conditions." *Hardage v. CBS Broad., Inc.,* 427 F.3d 1177, 1184 (9th Cir. 2005), as amended by, 433 F.3d 672 (9th Cir.2006), 436 F.3d 1050 (quotations, punctuation and citations omitted) (emphasis added).

To establish that he was constructively discharged, a plaintiff must at least show some aggravating factors, such as a continuous pattern of discriminatory treatment. *Schnidrig v. Columbia Machine, Inc.,* 80 F.3d 1406, 1412 (9th Cir.1996); *Watson v. Nationwide Ins. Co.,* 823 F.2d 360, 361 (9th Cir.1987).

On the evidence presented, the Court finds no triable issue of fact as to whether Atwood was constructively discharged.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

The mere fact that Atwood felt that his termination was inevitable is not enough to reach a constructive discharge.

Accordingly, the district court's summary judgment on all claims is **AFFIRMED.**