FILED

MAY 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIE TOMCO, an individual, | No. 11-55240 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06705-GAF-VBK |
| v. | |
| PRADA USA CORPORATION, a Delaware corporation, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted May 7, 2012**
Pasadena, California

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Plaintiff-Appellant Natalie Tomco ("Tomco") appeals the district court's

grant of summary judgment to Prada USA Corporation ("Prada") on Tomco's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims for: (1) constructive discharge; (2) wrongful termination in violation of public policy; (3) retaliation under California Labor Code § 1102.5(c); (4) California's Private Attorneys General Act of 2004 ("PAGA"); and (5) punitive damages. We review the district court's grant of summary judgment de novo, *Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 747 (9th Cir. 2010), and we affirm.

**1.** To establish a constructive discharge claim, "adverse working conditions must be unusually 'aggravated' or amount to a 'continuous pattern' before the situation will be deemed intolerable." *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1027 (Cal. 1994); *see also Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987).

Tomco's assertion that she experienced a "continuous pattern" of adverse working conditions because three store managers had, at various times, asked her to ring up credit card sales without proper identification is not "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee." *See Turner*, 876 P.2d at 1026. The record does not reflect that Tomco reasonably believed that processing credit card transactions without proper identification was against California law and, in fact, it

is not against California law.[1]  Finally, a single instance in which a manager yelled at her is not sufficiently intolerable or aggravated so as to compel a reasonable employee to resign.  *See Soules v. Cadam, Inc.*, 3 Cal. Rptr. 2d 6, 12 (Ct. App. 1991) (finding that the "demotion of an employee or criticism of his [or her] job performance—even if alleged to be unfair or outrageous—does not . . . create the intolerable working conditions necessary to support a claim of constructive discharge").

We therefore affirm the district court's grant of summary judgment on Tomco's constructive discharge claim.

**2.**  To establish a prima facie case of wrongful discharge in violation of public policy, Tomco must prove, among other things, that she was discharged. *See Haney v. Aramark Unif. Servs., Inc.*, 17 Cal. Rptr. 3d 336, 348-49 (Ct. App. 2004).  Because Tomco cannot establish that she was "discharged," her wrongful discharge claim fails, and we affirm the grant of summary judgment for Prada on that claim.

**3.**  To establish a prima facie case of retaliation under California Labor Code

---

[1] Tomco argues in her wrongful termination in violation of public policy claim that processing a credit card without a valid identification is a violation of California Civil Code § 1747 *et seq.* and California Penal Code § 484h.  Neither code prohibits that action, however.

§ 1102.5(c), Tomco must show, among other things, that she was subjected to an adverse employment action by her employer. *See Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 666 (Ct. App. 2000).

As previously discussed, Tomco was not constructively discharged. Thus, she did not experience an adverse employment action, her retaliation claim fails, and we affirm the district court's grant of summary judgment in favor of Prada on that claim.

**4.** The PAGA, Cal. Labor Code §§ 2698-2699.5, applies to violations of California Labor Code § 1102.5. *See* Cal. Labor Code § 2699.5. Because we affirm the district court's grant of summary judgment on Tomco's § 1102.5 retaliation claim, her PAGA claim is necessarily defeated. We therefore affirm the district court's grant of summary judgment in favor of Prada on that claim.

**5.** Because we affirm the district court's grant of summary judgment in favor of Prada on Tomco's underlying substantive claims, we also affirm the district court's holding that Tomco's request for punitive damages is moot.

**AFFIRMED**.