NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONIA JOHNS, | No. 17-16340 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01910-JAM-DB |
| v. | |
| MEGAN J. BRENNAN, Postmaster General and UNITED STATES POSTAL SERVICE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Before: FISHER and M. SMITH, Circuit Judges, and PIERSOL,** District Judge.

Tonia Johns ("Johns") appeals the district court's order granting the United

States Postal Service's ("Postal Service") motion for summary judgment and

denying Johns's motion for summary judgment on Johns's claims for constructive

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

discharge and for failure to engage in good faith in the interactive process to provide a reasonable accommodation. Johns also appeals the district court's evidentiary ruling excluding statements made by an administrative agency employee, pursuant to Rule 408 of the Federal Rules of Evidence. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part and vacate in part and remand to the district court for further proceedings consistent with this memorandum.

1. We review *de novo* the district court's determination that Johns failed to exhaust her administrative remedies as to her constructive discharge claim. *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).

Undisputed is the fact that Johns's claim for constructive discharge arose after she filed her charge with the administrative agency and that Johns did not amend her administrative charge or file a new administrative charge alleging a claim for constructive discharge. Incidents of discrimination not included in a charge filed with an administrative agency will be considered by a federal court only if the court finds that the new claims are "like or reasonably related" to the allegations contained in the administrative charge. *Green v. Los Angeles Cty. Superintendent of Schools*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984)). Subject matter jurisdiction extends over all allegations of discrimination

that either "fell within the scope of the [administrative agency's] actual investigation or an '[administrative agency] investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Farmer Bros.,* 31 F.3d at 899 (emphasis omitted) (quoting *Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990)). "In determining whether an allegation . . . is like or reasonably related to allegations contained in a previous [administrative] charge, the court inquires whether the original [administrative agency] investigation would have encompassed the additional charges." *Green*, 883 F.2d at 1476.

We conclude that an investigation into the pattern of discriminatory treatment that Johns presented during the administrative process would grow to encompass Johns's claim for constructive discharge. During the administrative process, Johns alleged numerous incidents of disability discrimination by Postal Service employees beginning when they found out about her blood disease and continuing after she was placed in a halo following a car accident and after she broke her ankle. In her interrogatory responses submitted several months before she filed her complaint in federal court, Johns alleged that the Postal Service's discrimination continued while she was on unpaid leave until her resignation in April 2015 when the Postal Service failed to engage in the interactive process to provide her a reasonable accommodation to return to work. We conclude that an investigation into this "continuous pattern of discriminatory treatment" would lead

3

to an investigation into whether Johns was "forced to quit because of intolerable and discriminatory working conditions." *See Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987) (quoting *Satterwhite v. Smith*, 744 F.2d 1380, 1381-82 (9th Cir. 1984)). Accordingly, we conclude that Johns exhausted her administrative remedies as to her constructive discharge claim.

2. The district court concluded, based on the evidence proffered by the parties regarding Johns's constructive discharge claim, that there were no material facts at issue, and the Postal Service was entitled to judgment as a matter of law. Our review is *de novo*, *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001), and we vacate and remand.

"A constructive discharge occurs, when, looking at the totality of circumstances, 'a reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions.'" *See Watson*, 823 F.2d at 361 (alteration in original) (quoting *Satterwhite*, 744 F.2d at 1381). In general, a single isolated instance of employment discrimination is insufficient as a matter of law to support a finding of constructive discharge. *Id.* A plaintiff alleging a constructive discharge claim must show some "'aggravating factors,' such as 'a continuous pattern of discriminatory treatment.'" *Id.* (emphasis omitted) (quoting *Satterwhite*, 744 F.2d at 1382).

4

Here, viewing the facts most favorably to Johns, a reasonable factfinder could determine that the Postal Service subjected Johns to a pattern of discriminatory treatment and that a reasonable person in Johns's position would have felt compelled to quit because of intolerable and discriminatory working conditions. While a computer error ultimately provided the Postal Service justification for its denial of Johns's leave under the Family Medical Leave Act ("FMLA"), there was evidence that the Postal Service was averse to providing Johns FMLA leave from the beginning, asking Johns to resign instead. Johns's supervisor testified in her deposition that the Postal Service wanted to fill Johns's position in order to reduce the number of overtime hours it would be required to pay employees to cover Johns's duties and that the Postal Service could not fill Johns's position while she was on FMLA leave. The Postal Service denied Johns FMLA leave six days after her car accident before she had even submitted her application for FMLA leave, terminated Johns less than three weeks afterward for being unavailable to work after the car accident, and hired someone else to fill Johns's position. After Johns was reinstated, the Postal Service never told Johns that it was granting her request for unpaid leave as a reasonable accommodation and management considered Johns to be subject to termination at any time after she exhausted her FMLA leave.

5

After Johns broke her ankle, the Postal Service told Johns to cancel her scheduled meeting with the District Reasonable Accommodation Committee ("DRAC") to discuss a reasonable accommodation even though the parties had not yet discussed Johns's request for unpaid leave. Subsequently, Johns objected to her DRAC file being administratively closed, and inquired how she was supposed to return to work if DRAC closed her file. A DRAC representative and a supervisor at the Sutter Creek Post Office told Johns to continue updating Nurse Gower with her medical information and that Nurse Gower would forward the information to DRAC. During a subsequent phone conversation with Nurse Gower, Johns stated that she expected her work restrictions to be reduced soon and that she could work boxing mail at the Sutter Creek Post Office with accommodations. Johns never received a response from the Postal Service regarding her accommodation request.

As directed, Johns continued to update Nurse Gower with her medical restrictions and left four messages with Nurse Gower to return her phone calls. Although Johns's emails and calls had been communicated to management, Johns received no response from the Postal Service over a five-month period after Johns inquired about returning to work with a reasonable accommodation. After Johns had been on unpaid leave for over a year, she felt that the Postal Service did not intend to reinstate her or provide her with a reasonable accommodation. Johns

6

submitted a letter of resignation to the Postal Service stating that she was forced to resign because the Postal Service would not return her phone calls inquiring about when she could return to work and because she needed to earn an income. The Postal Service never responded to her resignation letter. We conclude that taken as a whole, these facts could lead a trier of fact to conclude that Johns was forced to resign because of discriminatory and intolerable working conditions.

3.     We review *de novo* the district court's order granting summary judgment on Johns's claim for failure to engage in the interactive process to provide a reasonable accommodation, *see Carmen*, 237 F.3d at 1029, and vacate and remand.

Employers are obligated by federal law to engage in an interactive process with a disabled employee once a request for an accommodation has been made. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), *vacated on other grounds sub nom.*, *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 406 (2002)). If an employer receives notice and fails to engage in the interactive process in good faith, the employer will face liability "if a reasonable accommodation would have been possible." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (emphasis omitted) (quoting *Barnett*, 228 F.3d at 1116).

We conclude that questions of material fact exist as to whether the Postal Service engaged in good faith in the interactive process. Even if the Postal Service engaged in the interactive process in good faith by granting Johns unpaid leave, a conclusion that Johns disputes, Johns told the Postal Service that she would also need an accommodation to enable her to return to work. As noted before, the Postal Service directed Johns to communicate with Nurse Gower, and during a phone conversation with Nurse Gower, Johns stated that she could soon work boxing mail at the Sutter Creek Post Office with accommodations.

Although the Postal Service was not necessarily obligated to give Johns the accommodation she requested, *see Zivkovic*, 302 F.3d at 1089, it was obligated to reengage in the interactive process when Johns requested a different accommodation—that being boxing mail at the Sutter Creek Post Office, *see Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001) ("[T]he employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation."). After Johns informed Nurse Gower that she would be able to box mail at the Sutter Creek Post Office with accommodations, Johns never received a response from the Postal Service regarding her request, despite sending Nurse Gower multiple updates regarding her restrictions. Johns's emails were forwarded to the supervisor at the Sutter Creek Post Office and the Labor Relations

8

Manager for the Postal Service and Nurse Gower spoke with the Labor Relations Manager about Johns the same day that Johns left repeated messages with Nurse Gower to return her phone calls, but no one responded to Johns. The fact that the Postal Service did not respond to Johns's request for a different accommodation, and failed to respond to her emails and phone calls over a five-month period, could lead a reasonable trier of fact to conclude that the Postal Service failed to engage in good faith in the interactive process. *See Barnett*, 228 F.3d at 1115 (citing *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996) ("A party that obstructs or delays the interactive process is not acting in good faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith.")).

Because there is a genuine dispute as to whether the Postal Service engaged in good faith in the interactive process, the Postal Service cannot prevail at this summary judgment stage unless it can prove that a reasonable accommodation was unavailable. *See Snapp*, 889 F.3d at 1095 (citing *Morton v. United Parcel Serv., Inc.*, 272 F.3d 1249, 1256 (9th Cir. 2001), *overruled on other grounds sub nom.*, *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 995 (9th Cir. 2007) (en banc)).

The Postal Service argues that Johns's request to box mail at the Sutter Creek Post Office was unreasonable for several reasons: 1) it would require the Postal Service to assign essential functions of the clerk job to other employees at

9

the Sutter Creek Post Office; 2) Johns was unable to perform the essential functions of boxing mail given her medical restrictions at the time; and 3) such an accommodation would violate a union agreement then in place. We disagree. Questions of material fact exist as to whether carrying heavy parcels to the parcel lockers and lifting trays of mail were essential functions of the clerk job. Debra Baker, Johns's former supervisor, testified that in the past, they had moved trays of mail for clerks who had been injured, and Johns and Debra Baker stated that prior to Johns's injury, Johns primarily boxed mail when she worked at the Sutter Creek Post Office. Although the Postal Service argues that Johns was unable to perform the essential functions of boxing mail given her medical restrictions at the time, Johns had boxed mail before at Sutter Creek and based on her experience, she stated that she could do so with the accommodations she requested.

While we have held that a proposed accommodation that violates a collective bargaining agreement is *per se* unreasonable, this *per se* rule is applicable only where there is a direct conflict between the proposed accommodation and the union contract. *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 682 (9th Cir. 2001). Because the union contract at issue is not part of the record on appeal, we are unable to conclude that the Johns's reassignment to the Sutter Creek Post Office boxing mail directly conflicted with the union contract, thus rendering her accommodation request *per se* unreasonable.

Furthermore, even if Johns's request to box mail at the Sutter Creek Post Office is an unreasonable accommodation, the Postal Service has not demonstrated that there were no other vacant positions for which Johns was otherwise qualified. *See* 29 U.S.C. § 794(d) (2016) (stating that in determining whether a federal agency has violated the Rehabilitation Act, the standards under Title I of the Americans with Disabilities Act apply); *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir. 2000) (stating that under Title I of the ADA, a reasonable accommodation includes reassignment to a vacant position).

A factfinder may conclude that the Postal Service failed to engage in good faith in the interactive process when Johns requested to box mail at the Sutter Creek Post Office and that a reasonable accommodation was available to her. Accordingly, we vacate and remand the district court's order granting summary judgment in favor of the Postal Service on Johns's claim for failure to engage in the interactive process to provide a reasonable accommodation.

4.     We review the district court's evidentiary ruling excluding statements by Trent Andrews, an administrative agency employee, for abuse of discretion. *See United States v. Merino-Balderrama*, 146 F.3d 758, 761 (9th Cir. 1998).  The district court concluded that these statements were inadmissible to prove liability for Johns's claims against the Postal Service under Rule 408 of the Federal Rules of Evidence because they were made during compromise negotiations involving

11

these claims.  *See* Fed. R. Evid. 408.  We agree.  Unlike in *Josephs v. Pacific Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006), Johns had already filed an informal complaint against the Postal Service with the administrative agency.  Subsequent statements by Andrews made during compromise negotiations regarding Johns's dispute with the Postal Service are inadmissible under Rule 408.

Each party shall bear its own costs for this appeal.

**AFFIRMED IN PART; VACATED IN PART; REMANDED**.