**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS RAY FLEMING, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF BOISE, a municipality and/or political subdivision of the State of Idaho, <br><br> Defendant - Appellee. | No. 24-7100 <br><br> D.C. No. 1:22-cv-00519-BLW-CWD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted September 16, 2025
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and ORRICK, District Judge.**

Thomas Fleming appeals the district court's grant of summary judgment to

the City of Boise ("the City") on his constructive discharge claim under the Idaho

Protection of Public Employees Act ("IPPEA"). We "review *de novo* a district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

court's grant of summary judgment." *Montero v. AGCO Corp.*, 192 F.3d 856, 860 (9th Cir. 1999). We "must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the district court's grant of summary judgment on Fleming's constructive discharge claim under the IPPEA and remand this case for further proceedings consistent with this disposition.

The IPPEA "seeks to protect the integrity of the government by providing a legal cause of action for public employees who experience adverse action from their employer as a result of reporting waste and violations of a law, rule or regulation." *Patterson v. State Dept. of Health & Welfare*, 256 P.3d 718, 724 (Idaho 2011) (citation and quotation marks omitted). "To prevail in an action" under the IPPEA, Fleming must establish that he "suffered an adverse action because" he engaged, or intended to engage, in whistleblower activity. I.C. § 6–2105(4). "The term 'adverse action' includes the discharge of a public employee." *Wright v. Ada County*, 376 P.3d 58, 63 (Idaho 2016) (disapproved on other grounds by *Eller v. Idaho State Police*, 443 P.3d 161 (Idaho 2019)).

"Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Pennsylvania State Police v. Suders*, 542

U.S. 129, 141 (2004) (citation omitted). "Where the alleged adverse action is a constructive discharge, a plaintiff must prove that 'working conditions became so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" *Patterson*, 256 P.3d at 725 (quoting *Waterman v. Nationwide Mut. Ins. Co.*, 201 P.3d 640, 645 (Idaho 2009)) (alterations accepted).

"Th[e] test establishes an objective standard; the plaintiff need not show that the employer subjectively intended to force the employee to resign." *Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987). Though the question of whether a constructive discharge occurred is typically a jury question, generally, "a single isolated instance of employment discrimination is insufficient as a matter of law to support a finding of constructive discharge." *Id.* (citation and quotation marks omitted). Instead, "[i]n order to prevail, a plaintiff alleging a constructive discharge must show some aggravating factors, such as a continuous pattern of discriminatory treatment." *Wallace v. City of San Diego*, 479 F.3d 616, 626 (9th Cir. 2007) (citation and quotation marks omitted). Demotions, pay cuts, unwarranted disciplinary actions, and encouragement to "resign or *retire*" may support the contention that an individual was constructively discharged. *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1412 (9th Cir. 1996) (emphasis added). We must look at the "totality of the circumstances" when examining a plaintiff's

constructive discharge claim. *Wallace*, 479 F.3d at 625 (citing *Watson*, 823 F.2d at 361).

Here, Fleming argues that his treatment at the hands of Police Chief Ryan Lee ("Chief Lee"), along with the environment at the Boise Police Department ("BPD") that Chief Lee cultivated, support Fleming's claim that he was constructively discharged because he engaged in whistleblower activity. We agree.

Fleming provided evidence that his relationship with Chief Lee changed for the worse after Fleming investigated an officer who was involved in an off-duty incident. Their relationship deteriorated further when Fleming contacted an outside law enforcement agency to investigate a complaint made against Chief Lee. Chief Lee started limiting his interactions with Fleming. Chief Lee also began to repeatedly question Fleming about the latter's retirement after their relationship soured. While this was happening, Chief Lee was involved in numerous incidents with other employees, which the Office of Police Accountability ("the OPA") documented after some of these employees complained about Chief Lee's behavior. In the OPA report, Chief Lee was accused of, *inter alia*, retaliating against subordinates over disputes regarding BPD policy, using demeaning language against employees, and shielding individuals that he had a personal relationship with from discipline. Though Fleming went

through the appropriate governmental channels to report Chief Lee's behavior, his reports went nowhere. Chief Lee was able to retain his position and suffered no discernable consequences for his alleged transgressions. Fleming and his colleagues were left to fend for themselves against a boss who seemed to value loyalty above all else. Whether a reasonable person would find these working conditions so intolerable that he would feel compelled to resign presents a quintessential question of fact.

**REVERSED AND REMANDED.**

24-7100