Russell POOLE, Plaintiff—Appellant,

v.

CITY OF LOS ANGELES, a municipal corporation; Bernard C. Parks, Chief of Police of the Los Angeles Police Department, Defendants—Appellees.

No. 01–56075.

D.C. No. CV–00–10329–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2002 *.

Decided July 1, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM [**]

### BACKGROUND

Plaintiff Russell Poole challenges the district court's grant of summary judgment in favor of defendants the City of Los Angeles and Bernard C. Parks, Chief of Police of the Los Angeles Police Department ("defendants"), issued on the ground that his claims were barred by the statute of limitations. Poole also appeals the district court's denial of his request for additional discovery. Because the parties are familiar with the facts of the case, we recount them here only to the extent necessary to explain our rulings.

### DISCUSSION

#### I. Statute of Limitations

■ Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254

(1985). In California, the statute of limitations for personal injury actions is one year. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001). As Poole filed the instant lawsuit on September 26, 2000, events prior to September 26, 1999 are barred by the statute of limitations.

Almost all of the events that Poole claims give rise to his Section 1983 claims occurred well prior to September 26, 1999. However, Poole argues that defendants engaged in a series of related acts and a systematic policy of discrimination which continued into the limitations period, and that under these circumstances the "continuing violation" doctrine permits us to consider what he concedes would be otherwise time-barred events.

■ For a continuing violation to be established, a plaintiff must show a series of related acts or the maintenance of a discriminatory system both before and into the one-year limitations period. *Green v. Los Angeles Cty. Superintendent of Sch.,* 883 F.2d 1472, 1480 (9th Cir.1989) (citing cases). A plaintiff satisfies the continuing violation doctrine when he or she shows a "continuing policy and practice of discrimination on a companywide basis" and that "[the] policy and practice operated at least in part within the limitation period." *Id.* It applies also when a plaintiff alleges a "series of related acts, one or more of which falls within the limitations period" and when only a few discriminatory acts took place during the limitations period, but these acts were part of an ongoing unlawful employment practice. *Id.* Thus, even if a continuing violation is demonstrated, the claim is still time-barred if none of the acts fall within the limitations period. *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1157 (9th Cir. 2000).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ Under both the separate acts and systematic policy formulations of the continuing violations test, Poole must show that defendants' retaliatory behavior continued past September 26, 1999. Poole identifies a number of actions that he claims were part of an ongoing pattern and practice of retaliation that undisputedly did not occur after September 26, 1999—for example, being removed as lead detective on the Jiminez investigation, being removed from the Rampart Task Force, being given lower echelon assignments, and being asked to lie at a Board of Rights hearings. Indeed, while Poole claims that the district court ignored the "sequence of events which occurred which established a series of related acts or a serial violation and/or a systematic policy that operated within the limitations period," Blue at 27, on appeal he fails to specifically identify any allegedly retaliatory acts that took place after September 26, 1999.

Before the district court, Poole argued that his resignation, which he claimed amounted to a constructive discharge, was the sole timely act. On appeal, Poole has abandoned the argument that his resignation qualified as a constructive discharge, arguing instead that he "need not have been discharged in order to have suffered an adverse employment action." While Poole is correct that he need not have suffered an employment decision that is the equivalent of a dismissal in order to state a First Amendment violation, *e.g. Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75–76, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), by conceding that he simply resigned as a result of defendants' prior conduct and that his dismissal is not an independent actionable event, he loses his claim that his resignation qualifies as the violation that occurred within the limitations period.

■ Even if he had not conceded the issue, Poole's claim that he was constructively discharged fails on the merits. In order to prevail on a Section 1983 constructive discharge claim, a plaintiff must demonstrate that "looking at the totality of circumstances, 'a reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions.'" *Watson v. Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir.1987) (quoting *Satterwhite v. Smith*, 744 F.2d 1380, 1381 (9th Cir.1984)). Poole fails to make this showing. Poole resigned more than a year after most of the alleged wrongful events had occurred, and in his resignation letter, the first reason Poole listed for his decision was the desire to take time off so he could search for his missing brother. In addition, Poole had recently been receiving positive comment cards, which if anything, suggest that Poole was comfortable in his work environment and in any event do not support the inference that his working conditions were intolerable. Because Poole fails to identify any discriminatory or retaliatory act occurring around his resignation date which could have caused a reasonable person to feel compelled to quit, his constructive discharge claim fails. *See, e.g., Montero v. Agco Corp.*, 192 F.3d 856, 861 (9th Cir.1999) (when plaintiff resigned she was not subject to intolerable working conditions because the "sexually harassing behavior had ceased three to four months before she left"); *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110 n. 2 (9th Cir.1998) ("frequency and freshness" of the discriminatory acts are considerations in a constructive discharge claim).

■ A review of the record reveals only one other potentially retaliatory event arguably occurring within the limitations period: Poole's claim that he did not receive a 1998 personnel evaluation and thus was

prevented from applying for advancement. In September and October 1999, Poole went to the Los Angeles Police Department's Personnel Division to review his personnel file. After returning to the Personnel Division at least three times before his file was located, Poole confirmed that a 1998 performance evaluation had never been completed. However, there is no evidence that at this time Poole again requested that the evaluation be completed, or that such a request was not honored. Had that been the case, it might have served as an independent retaliatory act within the limitations period. But the evidence suggests only that Poole sought confirmation of what he already believed was the case—that defendants had failed to supply a 1998 performance evaluation.

This event cannot serve as the requisite post-limitations action, because Poole was aware that the performance evaluation had not been provided well before the limitations period ended. A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999). Poole states that there were Detective II openings from January 1999 until August 1999 which he wished to interview for, but "was prevented from applying ... because I knew that I could not be considered without current performance evaluations." Because Poole became aware of the actions giving rise to his failure-to-provide-evaluations claim before the limitations period had run, the October 1999 "confirmation" that he had not received a 1998 evaluation did not operate to reset the limitations period clock.

■ Without an allegedly retaliatory event occurring within the limitations period, Poole is left only with the argument that the impact of defendants' conduct that occurred before the one-year limitations period extended the limitations period, and

that this impact qualifies as the non-time barred event. This argument fails. We have "repeatedly held that a 'mere continuing impact from past violations is not actionable.'" *Knox*, 260 F.3d at 1013 (quoting *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238–39 (9th Cir.1991)); *cf. Scott v. Pacific Maritime Ass'n*, 695 F.2d 1199, 1206 (9th Cir.1983) ("A continuing violation should be distinguished from the continuing impact of a past, yet discrete and no longer existent discriminatory act.").

## II. Poole's Request for Additional Discovery

■ Rule 56(f) of the Federal Rules of Civil Procedure grants the district court discretion to stay summary judgment and allow the non-moving party to pursue additional discovery. Fed.R.Civ.P. 56(f). However, the non-moving party must demonstrate that additional discovery would uncover specific facts which would preclude summary judgment. *Terrell v. Brewer*, 935 F.2d 1015, 1017–18 (9th Cir. 1991). The district court's determination that Poole failed to carry his burden of establishing a connection between the discovery sought and the dispositive issue of the timeliness of his First Amendment retaliation claim is amply supported by the record. All of Poole's additional discovery requests pertained to events that took place before the one-year limitations period.

## CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment and its denial of Poole's request for additional discovery.

AFFIRMED.