124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ana GONZALEZ, Plaintiff-Appellant,
v.
Robert E. RUBIN,* Secretary of the Treasury,
Defendant-Appellee.
 No. 96-56816.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.***
Filed September 15, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CV-94-01507-LSP; Louisa Porter, Magistrate Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ana Gonzalez, a former Revenue Officer for the Internal Revenue Service, appeals pro se the district court's summary judgment: in favor of the Secretary of the Treasury in Gonzalez's sexual harassment and retaliation employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. We have jurisdiction under 28 U.S.C. § 1291. We review a grant. of summary judgment de novo, see Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 269 (9th Cir.1996), and we affirm.
 
 
 3
 The district court did not err by determining that Gonzalez failed to prove she was subjected to sexual harassment so severe or pervasive as to alter the conditions of her employment, and create an abusive working environment. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Gonzalez also failed to prove conduct so severe or pervasive that an objectively reasonable woman under the same circumstances would find the workplace hostile or abusive. See Ellison v. Brady, 924 F.2d 872, 879 (9th Cir.1991); see also Candelore v. Clark County Sanitation Dist., 975 F.2d 588, 590 (9th Cir.1992) (per curiam) (concluding that isolated incidents of inappropriate behavior do not create abusive environment). The district court did not err by determining that Gonzalez's employer took appropriate action reasonably calculated to end incidents of sexual harassment. See Ellison, 924 F.2d at 881-82.
 
 
 4
 The district court did not err by determining that Gonzalez failed to prove she was retaliated against for her complaints of sexual harassment or rejection of sexual advances. See Folkerson v. Circus Circus Enters., Inc., 107 F.3d 754, 755 (9th Cir.1997) (requiring proof of adverse employment decision and causal link between activity and decision); Jordan v. Clark, 847 F.2d 1368, 1376-77 (9th Cir.1988).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 Robert. E. Rubin replaced Lloyd Bentsen as Secretary of the Treasury and is substituted as defendant-appellee pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not err by determining that Gonzalez failed to exhaust her administrative remedies as to the harassment claim against supervisor Richard Williamson. We have considered Gonzalez's remaining contentions and find they are without merit