**Mary L. SMITH, Plaintiff,**

v.

**COUNTY OF HUMBOLDT, Defendant.**

No. C 01–3689 SI.

United States District Court, N.D. California.

Jan. 15, 2003.

John M. Vrieze, Mitchell, Brisso, Delaney & Vrieze, Eureka, CA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ILLSTON, District Judge.

On September 28, 2001, plaintiff, Mary L. Smith, filed an employment discrimination complaint against County of Humboldt, alleging that she was subject to sexual harassment by her coworker Denise Grimes, shortly after both began training for positions as Eligibility Workers for the Humboldt County Department of Social Services. On October 4, 2002 this Court heard argument on defendant's motion for summary judgment based on plaintiff's failure to (1) establish a prima facie case of sexual harassment and (2) file a timely complaint. The Court GRANTS summary judgment for defendant based on plaintiff's failure to state a prima facie claim of sexual harassment. Accordingly, the Court declines to decide whether plaintiff's complaint is time-barred.

### BACKGROUND

Plaintiff and the alleged harasser, Denise Grimes, began an eight week training course for their employment as Eligibility Workers for the Humboldt County Department of Social Services on January 8, 2001. According to plaintiff, on January 11, 2001, Ms. Grimes initiated unwanted contact by pushing plaintiff's head. Plaintiff's Depo. at 83:3–8. Plaintiff alleges several other incidents of offensive conduct by Ms. Grimes including: sitting in a chair vacated by plaintiff (*id.* at 87:5–9); "brushing up" against plaintiff in the bathroom (*id.* at 89:3–5); hitting the plaintiff's cheekbone (*id.* at 82:8–17; *id.* at 30:8–10); trying to sit next to plaintiff at lunch; touching plaintiff (*id.* at 83:13–19, 84:18–22); and hitting plaintiff on the shoulder to get her attention (*id.* at 86:9–12).

Plaintiff complained about the harassment for the first time on January 22, 2001. That same day, her employer repri-

manded the alleged harasser. Plaintiff requested that her work station be changed on January 29, 2001. Exhibit B to the Decl. of Lorraine Davey, Deputy Director of Employee Services for Humboldt County. That same day, plaintiff submitted a letter entitled "Sexual Harassment Complaint" to her employer. *Id.* On February 1, 2001, plaintiff submitted a letter of resignation in which she stated, "Due to the sexual harassment incident whereby Denise Grimes assaulted and approached me with unwelcomed conduct of a sexual nature that has unreasonably interfered with my work performance and created an intimidating and hostile and offensive working environment and no satisfactory remedy has been made, I hereby submit my resignation for the position of Eligibility Worker I(EW) trainee effective immediately." Exhibit B to the Decl. of Lorraine Davey.

The steps taken by defendant to remedy the harassment included admonishing the alleged harasser not to engage in any unwanted touching of employees and reviewing sexual harassment policies with all trainees. Polifroni Decl. 4:4–15; 4:19–26. Upon plaintiff's request, defendant rearranged seating in the classroom to put more distance between plaintiff and Ms. Grimes. Polifroni Decl. 5:17–26. Plaintiff does not dispute that following these remedial measures, plaintiff did not report another incident of harassment. Exhibit B. to Decl. of Lorraine Davey.

### LEGAL STANDARD

**1. Summary Judgment**

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... since a complete failure of proof concerning an essen-

tial element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (the nonmoving party may not rely on the pleadings but must present significant probative evidence supporting the claim); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

The court's function, however, is not to make credibility determinations, *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505, and the inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *T.W. Elec. Serv.*, 809 F.2d at 631. The court is only required to draw those inferences that are reasonable in light of the facts. *See Tyler v. Runyon*, 70 F.3d 458, 469 (7th Cir.1995) (cited in *Tovar v. County of Alameda*, 1998 WL 196467, 1998 U.S. Dist. Lexis 5688 (N.D.Cal.)). In considering a summary judgment motion the Court must render summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

**2. Title VII**

Title VII makes it unlawful for employers to discriminate on the basis of sex with respect to the terms and conditions of employment. 42 U.S.C.2000e-2(a)(1). The courts have held that discriminatory conduct includes harassment (*see e.g., Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)) when that harassment occurs because of sex. *See Oncale v. Sundowner Offshore Services*, 523 U.S. 75, 80–81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (stating that Title VII only prohibits harassment which occurs because of sex, regardless of whether the harasser is the same sex as or opposite sex from the victim).

██ The courts have recognized two legal theories on which plaintiffs may base sexual harassment claims. The first is quid pro quo harassment, or harassment in which a supervisor requires an employee to engage in sexual activity and threatens tangible employment actions, such as demotion, denial of promotion, or discharge, if the employee does not comply with the harasser's demands. The second is hostile work environment harassment. This harassment can be perpetrated by a supervisor or coworker. The hallmark of hostile work environment harassment is that there is no tangible employment action which results from the harassment. *See Burlington v. Ellerth*, 524 U.S. 742, 751–753, 118 S.Ct. 2257, 141 L.Ed.2d 633 (noting that the terms "quid pro quo" and "hostile work environment" have been used in the courts to refer to sexual harassment and describe respectively, harassment that is accompanied by specific harm to the victim's job and harassment that harms an employee's job more generally, by creating a hostile work environment).[1]

---

1. The Court noted in *Burlington* that these terms were useful in determining whether conduct in violation of Title VII occurred, but suggested that courts invoke a new phrase "tangible employment action" or lack thereof, when determining whether an employer is subject to vicarious liability for the actions of its supervisors. Although the Supreme Court has introduced new terminology, it made clear that "[T]o the extent they [the terms "hostile work environment" and "quid pro quo"] illustrate the distinction between cases involving a threat which is carried out and

To survive a defendant's motion for summary judgment, as a threshold matter, a plaintiff must show that the harassment occurred because of sex. *See Oncale v. Sundowner Offshore Services,* 523 U.S. 75, 80–81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). In addition to this requirement, to state a prima facie case of hostile work environment sexual harassment a plaintiff must show that she has experienced (1) conduct of a sexual nature (2) that is so severe or pervasive as to alter the terms and conditions of her working environment and (3) that the conduct is unwelcome. *Harris v. Forklift Systems,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Brooks v. City of San Mateo,* 229 F.3d 917, 924 (9th Cir.2000); *Ellison v. Brady* 924 F.2d 872, 875 (9th Cir.1991). The plaintiff's belief that she has been subjected to a hostile and abusive work environment must be both subjectively held and objectively reasonable. *Ellison v. Brady,* 924 F.2d 872, 879 (9th Cir.1991). *See also, Faragher v. City of Boca Raton,* 524 U.S. 775, 786, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (holding that sexual harassment is actionable only if it is both objectively and subjectively offensive, such that a reasonable person would find the environment hostile or abusive and the plaintiff actually did find the environment hostile or abusive).

Courts apply a totality of the circumstances test to the determination of whether plaintiffs have stated a colorable claim of hostile work environment sexual harassment. *Brooks v. City of San Mateo,* 229 F.3d 917, 923 (9th Cir.2000). If the plaintiff has established a prima facie case,

and the employer has articulated a legitimate, nondiscriminatory reason for its actions, the plaintiff must then show that the reason stated by the employer is pretextual. *Marconi v. Eldorado Resorts, LLC,* 2000 WL 1171133, 2000 U.S.App. Lexis 21701 (9th Cir.2000) (quoting *Sischo-Nownejad v. Merced Community College District,* 934 F.2d 1104, 1110 (9th Cir.1991)).

Title VII is also violated if an employer retaliates against an employee for complaining about harassment. 42 U.S.C. 2000e–3.[2] To state a prima facie case of retaliation a plaintiff must show: (1) that she engaged in an activity protected under Title VII; (2) that she was subject to an adverse employment action; and (3) there is a causal relationship between the activity and the adverse employment action. *Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir.1987).

## DISCUSSION

### 1. Defendant's objections to plaintiff's evidence

Defendant's reply memorandum contains numerous evidentiary objections on which this Court declines to rule. When deciding summary judgment motions courts may only consider evidence that is admissible. The Court recognizes that much of plaintiff's evidence is vulnerable to objection on grounds that it lacks relevance, has not been authenticated, and makes conclusory allegations; however, the Court declines to rule on defendant's objections because, even if the evidence submitted by plaintiff is considered by this

---

offensive conduct in general, the terms are relevant where there is a threshold question whether a plaintiff can prove discrimination in violation of Title VII." *Id.* at 754, 118 S.Ct. 2257. "[W]e think it prudent to import the concept of a tangible employment action for resolution of the vicarious liability issue we consider here."

**2.** 42 U.S.C. Sec.2000e–3 provides: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this title."

Court, plaintiff fails to state a colorable claim of sexual harassment.

## 2. Defendant's motion for summary judgment

Defendant argues that this Court should grant summary judgment for the following reasons: (1) plaintiff failed to file a timely complaint; (2) the alleged conduct was not "based on sex"; (3) the alleged hostile work environment was not "severe or pervasive" and consequently, was not actionable; and (4) defendant took sufficient corrective action in response to plaintiff's complaint to absolve the defendant of liability.

Plaintiff's complaint alleges that she was sexually harassed by her coworker and that the resulting deterioration in her work environment led to her constructive discharge. Plaintiff's Brief Opposing Defendant's Motion for Summary Judgment alleges that plaintiff was retaliated against for complaining about the harassment. Plaintiff's Brief at 7.

Because plaintiff has not sufficiently alleged a prima facie case of harassment in violation of Title VII, this Court must grant defendant's motion for summary judgment. Plaintiff's complaint does not sufficiently plead that she was subject to sexual harassment because of sex and that the harassment was: (1) verbal or physical conduct of a sexual nature; (2) severe or pervasive enough to alter the terms and conditions of employment and (3) unwelcome. *Dolores Marconi v. Eldorado Resorts*, 2000 WL 1171133, 2000 U.S.App. Lexis 21701. In addition to failing to adequately plead these elements, plaintiff has failed to allege sufficient facts to establish employer liability for the harassment. Finally, plaintiff fails to sufficiently allege that the actions taken by her employer in response to her sexual harassment complaint were retaliatory or that she was constructively discharged. Because this Court grants summary judgment for defendant based on plaintiff's failure to adequately plead sexual harassment, the Court declines to reach defendant's argument that plaintiff's complaint was untimely.

In her complaint and opposition to defendant's motion for summary judgment, plaintiff also alleged two other bases of discrimination—race and age. Plaintiff's complaint, which is written on a form provided by the Northern District courts to pro se plaintiffs, has a checked box indicating that she alleged discrimination because of "race or color" and lists "age" as another basis for discrimination. Plaintiff's Complaint at 2. Plaintiff's Brief Opposing Defendant's Motion for Summary Judgment at 7 ¶ 2 states "Plaintiff contends that Humboldt discriminated against her because she is an African–American (race) female over forty years old (age) and harassed her she because of her race (sic) and for filing written complaint opposing discriminatory conduct (retaliation)." As plaintiff has failed to provide any evidence at all to support these claims, summary judgment must be granted for defendants on plaintiff's race and age claims. This Court's discussion will therefore focus on sexual harassment as plaintiff has provided some evidence concerning this allegation.

### A. Because of sex

■ *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) stated that same sex sexual harassment, like opposite-sex sexual harassment, is only actionable when that harassment is "because of sex." *Id.* at 81–82, 118 S.Ct. 998. The United States Supreme Court has enumerated three circumstances in which courts may infer that the alleged harasser's conduct toward someone of the harasser's sex was because

of sex: (1) when proposals to engage in sexual activity are made by the harasser and there is credible evidence that the harasser is homosexual; (2) when the victim is treated in a sex-specific manner which suggests hostility toward people of the victim's sex; or (3) when men and women are treated differently by the harasser. *Id.* at 80–81, 118 S.Ct. 998.

Plaintiff does not produce any evidence to support her theory that the harassment was because of sex. Plaintiff alleges that the harassment was motivated by sexual desire. Plaintiff's Deposition at 131–133. However, plaintiff has submitted no evidence to support her claim that Ms. Grimes was motivated by sexual desire. Plaintiff admitted in her deposition that she did not know Ms. Grimes's sexual orientation. Deposition at 132:10–12. Plaintiff asserted that she believed Ms. Grimes was a lesbian but later stated that the basis for her belief was that Ms. Grimes "wore her hair in a way that could have been considered a lesbian-type hairstyle and exhibited actions that I took to be of a homosexual nature." *Id.* at 132:17–21. These bald assertions, which are supported by nothing more than Ms. Smith's speculation about lesbian fashion, are insufficient to establish that Ms. Grimes was a lesbian or that her actions toward Ms. Smith were motivated by sexual desire. Further, Ms. Grimes's declaration states that she is not homosexual and was not attracted to Ms. Smith. Declaration of Denise Grimes at 3:11–12.

Second, plaintiff does not allege that Ms. Grimes acted in a sex-specific manner. Third, Ms. Smith introduces no evidence about Ms. Grimes's treatment of the one man in the class, as compared to her treatment of the women.

For the foregoing reasons, Ms. Smith has not produced sufficient evidence to create a triable issue of fact regarding whether the harasser's alleged conduct was "because of sex." This Court is only required to draw those inferences which would be reasonable from the facts alleged by plaintiff. It would not be reasonable for this Court to infer from plaintiff's evidence that Ms. Grimes was motivated by sexual desire to harass Ms. Smith. Therefore, this Court must grant summary judgment to defendants. Even if the Court found that the conduct occurred because of sex, which it has not, this Court must still grant summary judgment because the harassment was not severe or pervasive, as will be explained below.

### B. Severe or pervasive

 Even if Ms. Smith had submitted sufficient facts to state a colorable claim that the alleged conduct was because of sex, this Court would still grant summary judgment because Ms. Smith has not established that the harassment was arguably severe or pervasive, and therefore she has not satisfied this element of the prima facie case as she is required to do to maintain her hostile work environment claim. Whether the conduct is severe or pervasive is determined in reference to the following factors: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Kortan v. California Youth Auth.,* 217 F.3d 1104 (9th Cir.2000) (internal quotations and citations omitted).

The work environment must be subjectively and objectively hostile. *Ellison v. Brady,* 924 F.2d 872, 879 (9th Cir.1991). In *Ellison* the Court noted that the standard to be applied when evaluating whether sexual harassment is severe or pervasive is the standard of a reasonable victim, and in the case of harassment against a woman, a reasonable woman. *Id.* at 879

("We adopt the standard of a reasonable woman because we believe that a sex-blind reasonable person standard tends to be male-biased and tends to systematically ignore the experiences of women.").

The conduct alleged by plaintiff is not sufficiently severe or pervasive that a reasonable victim would find that it altered the terms and conditions of her working environment. *See Brooks v. City of San Mateo,* 229 F.3d 917, 923 (9th Cir.2000). The incidents described by plaintiff occurred during a ten day period, between January 8 and January 18 of 2001. As the Supreme Court explained in *Harris v. Forklift Systems,* when harassment occurs over a short period of time it must be extremely severe to be actionable. *See also Ellison,* 924 F.2d at 878 ("We first note that the required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct."). In this case, plaintiff describes several incidents in which the harasser's alleged conduct does not rise to the level of severe or pervasive. Even if all of the incidents that plaintiff alleges actually occurred [3], they do not rise to the "severe or pervasive" level required for sexual harassment to be actionable. *Brooks v. City of San Mateo,* 229 F.3d at 924.

In *Brooks,* a case in which the court found that the plaintiff had not pled the requisite level of severity, the plaintiff alleged a single incident, indisputably far more severe than the incidents alleged by Ms. Smith. The *Brooks* plaintiff alleged that she was pushed up against a console

and had her breasts touched underneath her shirt. *Brooks* at 229 F.3d at 921–922. Similarly, in *Crichton v. California Dep't of Corrections* the plaintiff alleged that she was kissed twice on the cheek; these incidents were not sufficient to state a colorable claim of hostile work environment harassment. 2001 WL 58974 at *4–5, 2001 U.S.Dist. Lexis 455 at 12, 13 (N.D.Cal. 2001). *See also Jordan v. Clark,* 847 F.2d 1368, 1375 (9th Cir.1988) (holding that the plaintiff's complaint about touching was insufficient to support her claims that a hostile work environment existed). The handful of incidents alleged by Ms. Smith, many of which do not involve any touching, but simply involve being spoken to or approached, are insufficient to establish that the harassment was objectively so severe or pervasive that it is actionable. A subjective belief that these incidents amounted to a hostile work environment is insufficient to establish a prima facie case.

Because the harassment alleged by Ms. Smith is not severe or pervasive, this Court must grant summary judgment for the defendant. Even if Ms. Smith had pled harassment sufficiently severe or pervasive to be actionable, which she has not, this Court must grant summary judgment because Ms. Smith has failed to establish that her former employer should be liable for the alleged actions of her coworker, as will be explained below.

## C. Employer liability

■■■■ In hostile work environment cases in which the alleged harasser is a

---

**3.** For purposes of deciding defendant's summary judgment motion, the facts alleged by plaintiff are taken as true; however, this Court notes that plaintiff has submitted no evidence to support her version of events. In fact, all of the witness statements submitted by plaintiff tend to discredit her version of events. Plaintiff submitted as an exhibit a copy of a letter from Denise Grimes to which

Ms. Grimes had attached a letter from another trainee, Ms. Shari Clark. Ms. Clark, referring to the incident in which Ms. Smith alleges that Ms. Grimes hit her, stated, "I did not see Denise hit her. I did see Mary with her hand on Denise and her other hand balled up into a fist and starting to swing on Denise." See plaintiff's exhibit # Supp.2–000007.

coworker, this circuit's courts apply a negligence standard which means that an employer is liable only for harassment about which the employer "knew or should have known." [4] *Burrell v. Star Nursery*, 170 F.3d 951, 955 (9th Cir.1999); *Ellison v. Brady*, 924 F.2d at 881–882. *See also Reitter v. City of Sacramento*, 87 F.Supp.2d 1040, 1044 (E.D.Cal.2000) (citing *Burrell* and stating, "Because the test for employer liability for co-worker sexual harassment is negligence, the employer is only liable in circumstances in which management-level employees knew or should have known about the harassment."). Once notified that harassment occurred, an employer's remedy should be "immediate and appropriate." 29 C.F.R. Sec. 1604.11(d).

In coworker harassment cases, some courts have held that the plaintiff must plead and prove that the employer's failure to respond adequately to harassment as part of her prima facie case. *See e.g., Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir.2001).[5] *Cf. Marconi v. Eldorado Resorts*, 2000 WL 1171133, 2000 U.S.App.Lexis 21701 (9th Cir.2000) (identifying the three *Harris* factors as the elements of plaintiff's prima facie case, but also noting in its decision which overturned a district court's grant of summary judgment to defendants, that the plaintiff raised a "genuine issue" about her employer's liability for coworker harassment by submitting evidence that her employer knew about the harassment and responded unreasonably). *Id.* at *1, 2000 U.S.App. Lexis 21701 at *4. Regardless of whether plaintiffs must submit sufficient facts to establish failure to respond as part of the prima facie case, courts have held that in coworker harassment cases, employers can avoid liability by taking corrective action that is "reasonably calculated to end the harassment." *Harris v. Forklift Systems*, 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Therefore, evidence from the employer that such corrective action was taken should be considered in a motion for summary judgment.

This Court declines to decide whether a plaintiff must plead and prove an employer's failure to take corrective action as part of her prima facie case or whether the employer has the burden to introduce evidence that, from the time that it knew or should have known of the harassment, it took corrective action. In either case, whether corrective action is part of the

---

**4.** Two recent Supreme Court cases have discussed employers' liability for sexual harassment perpetrated by a supervisor in which no tangible employment action has occurred. *Burlington v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Those cases held that when a supervisor sexually harasses a victim in a manner that does not result in a tangible employment action (such as the demotion or discharge of the victim), the employer's proof that it took corrective action once it learned of the harassment serves as an affirmative defense to liability. These cases, while applying many of the same principles that the courts have applied in the coworker harassment context, are not strictly applicable to the case at bar. *Burlington* and *Ellerth* describe the applicability of the affirmative defense to supervisory harassment that does not result in a tangible employment action, and therefore do not overrule earlier cases setting out the negligence standard for coworker harassment that does not result in a tangible employment action.

**5.** Swinton notes that, "the Supreme Court made clear that the affirmative defense outlined in *Ellerth* and *Faragher* applies only in cases of vicarious liability, where the harasser is the victim's supervisor." *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir.2001). While this Court is not convinced that it is clear that courts will not extend the affirmative defense beyond supervisor harassment cases to coworker cases, these Supreme Court cases did not explicitly extend their reach to coworker, hostile work environment cases.

prima facie case or part of the employer's defense, when deciding a motion for summary judgment in a coworker harassment case, courts consider whether plaintiff has demonstrated sufficient evidence of employer liability to maintain her claim. *See e.g., Burrell* (reviewing on appeal a district court's grant of summary judgment in a coworker harassment case and considering not only whether plaintiff established that she was the victim of coworker harassment, but also whether plaintiff established sufficient grounds for employer liability).

In this case, there is significant, unrefuted evidence that the employer took appropriate and immediate corrective action to end the sexual harassment alleged by plaintiff. None of the evidence submitted suggests that prior to January 18, 2001 defendant knew or should have known about the harassment. The plaintiff has testified that none of the acts of alleged harassment occurred in front of a supervisor. Smith Depo. at 89:3–13, 89:19–23. Plaintiff does not contest defendant's statement that it was first informed by plaintiff of the harassment on January 22, 2001 and took immediate corrective action. Decl. Polifroni ¶ 9. Plaintiff does not dispute defendant's statement that no further incidents occurred after Ms. Grimes was reprimanded on January 22, 2001 and the entire class was instructed not to engage in sexual harassment on January 23, 2001. Decl. of Polifroni Para 16 and Decl. of Grimes ¶ 17. When Ms. Smith requested that her work station be moved on January 29, 2001, it was immediately moved. Polifroni ¶ 17. *See also* Decl. of Lorraine Davey, Deputy Director of Employee Services for Humboldt County at 2:5–10. Notably, the employer took care to move several employees at once to avoid singling out plaintiff. Plaintiff was commended for bringing the harassment to her supervisor's attention. *Id* at 2:16–18. Particularly in light of the de minimis nature of the

harassment alleged, defendant's efforts to remedy the harassment were reasonable.

 The remedy which employers choose must be one that is "reasonably calculated to end the harassment." *Harris v. Forklift Systems,* 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (quoting *Katz v. Dole,* 709 F.2d 251, 256 (4th Cir. 1983)) ("[T]he reasonableness of an employer's remedy will depend on its ability to stop the harassment."). *Id.* In this case, following the employer's corrective action, it is undisputed that there were no further incidents. Ms. Smith never complained again until the day prior to her resignation. Arguably, if Ms. Smith had put her employer on notice that she was dissatisfied with the remedy, that might have triggered a reexamination of its adequacy. Conversely, her failure to do so, coupled with the other factors listed above, suggests that the employer's corrective action was adequate to the circumstances. In response to plaintiff's complaint, defendant has submitted sufficient facts to show that it took reasonable corrective action.

 In coworker hostile work environment cases such corrective action is sufficient to absolve the employer of liability. Plaintiff has submitted no evidence to rebut these facts. There is no genuine issue of material fact which could lead a trier of fact to find that plaintiff's employer is liable for the actions of her coworker. Therefore, this Court must grant summary judgment for the defendant.

### D. Constructive discharge

 Plaintiff states in her complaint that the alleged sexual harassment "created a hostile work environment leading to my being forced to leave work by way of constructive dismissal." Plaintiff's Complaint at 3 ¶ 6. Presumably, plaintiff is alleging a constructive discharge theory. Constructive discharge occurs when work-

ing conditions have deteriorated so significantly that the working environment has become "so intolerable and discriminatory as to justify a reasonable employee's decision [to leave]." *Brooks v. City of San Mateo,* 229 F.3d 917, 931 (9th Cir.2000) (quoting *Watson v. Nationwide Ins. Co.,* 823 F.2d 360 (9th Cir.1987)).

Although constructive discharge is usually a jury question (*Brooks,* 229 F.3d at 930–31), this Court finds that plaintiff has not adduced sufficient facts to permit a reasonable trier of fact to find that the work environment was so abusive and hostile that plaintiff was forced to leave. Having found that the harassment alleged by plaintiff was not severe or pervasive, the Court also finds that the harassment was not severe enough to justify a reasonable employee's decision to leave her job. This Court grants summary judgment on plaintiff's constructive discharge claim.

### E. Retaliation

■ In plaintiff's opposition to defendant's summary judgment motion, plaintiff alleges that she was retaliated against by her employer for complaining about harassment. "Plaintiff contends that Humboldt discriminated against her . . . for filing a written complaint opposing discriminatory conduct (retaliation)." Plaintiff's Brief Opposing Defendant's Summary Judgment at 7. Plaintiff did not allege retaliation in her complaint, and has not amended her complaint. In a summary judgment motion, the Court is limited to a consideration of the legal theories advanced by plaintiff in her complaint. Nonetheless, even if plaintiff had properly amended her complaint to include retaliation, the Court would grant summary judgment on this claim as well.

■ Plaintiff has failed to establish a prima facie case of retaliation. A prima facie case of retaliation requires plaintiffs to adduce facts to support the following claims: (1) that the plaintiff engaged in protected activity; (2) that an adverse employment action occurred; and (3) that there was a connection between the adverse employment action and the protected activity. *Folkerson v. Circus Circus Enters., Inc.,* 107 F.3d 754, 755 (9th Cir.1997); *Gonzalez v. Rubin,* 1997 WL 572237, *1, 1997 U.S.App.Lexis 25174, *2–3 (9th Cir. 1997). If the plaintiff succeeds in establishing a prima facie case, the defendant must then state a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).[6]

It is undisputed that when plaintiff complained about sexual harassment to her supervisor she engaged in protected activity, regardless of whether the harassment occurred. However, the facts alleged by plaintiff—that she was reassigned to a desk near the door, that she was made to look on with a coworker, and asked to operate a light switch—are insufficient to establish that an adverse employment action was taken against her.

■ Even if plaintiff's factual allegations were sufficient to establish a prima facie case of retaliation, defendant has rebutted that prima facie case through the nondiscriminatory reasons that it has stated for its actions; namely, that the desk reassignment put the furthest possible distance between defendant and plaintiff, and that plaintiff was asked to look on with a coworker because she did not understand the assignment. *See* Decl. of Mary A.

---

**6.** *McDonnell* explains that after the plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to state a legitimate, nondiscriminatory reason. *McDonnell Douglas Corp. v. Green,* 411 U.S. at 803, 93 S.Ct. 1817.

Polifroni at 5:17–25 ( "I moved Ms. Smith and some other trainees to new desks. I felt that the workstation in the front corner of the room was the station where Ms. Smith would have minimal contact with Ms. Grimes, so I assigned her to this new workstation. There was a door at the front of the classroom, which provided exit from the classroom, without requiring Ms. Smith to pass the workstation where Ms. Grimes was assigned. Additionally, Denise Grimes was assigned to a workstation in the back of the room, and the back of the training room had a door that provided a convenient exit for Ms. Grimes.").

Plaintiff has failed to provide any evidence to show that defendant's stated reasons are pretext. Therefore, summary judgment is granted to defendant on plaintiff's retaliation claim.

## CONCLUSION

For the reasons stated above, this Court GRANTS defendant's motion for summary judgment. [docket # 36]

**IT IS SO ORDERED.**